

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>DALE JULIAN PARSONS and<br>MARY VIRGINIA PARSONS,<br><br>Debtors. | Case No. 09-02937<br>Chapter 7 |
| STATE OF HAWAII, by its OFFICE OF CONSUMER PROTECTION,<br><br>Plaintiff,<br><br>vs.<br><br>MARY VIRGINIA PARSONS,<br><br>Defendant. | Adv. Pro. No. 13-90071<br><br><br><br><br>Re: Docket No. 7, 16 |

### MEMORANDUM OF DECISION ON
### MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT

This adversary proceeding concerns the extent to which a debtor is entitled

to discharge of claims asserted by a state agency for alleged violations of consumer

protection statutes.

Plaintiff State of Hawaii Office of Consumer Protection ("OCP") contends that defendant Mary Virginia Parsons committed unfair trade acts and practices. Ms. Parsons has filed a motion for judgment on the pleadings and dismissal of the complaint (dkt. 7) and OCP has filed a motion for summary judgment (dkt. 16). Both motions were heard on January 10, 2014.

**Jurisdiction and venue.** The bankruptcy court has personal and subject matter jurisdiction and both statutory and constitutional authority to enter a final judgment.

**Procedure.** Ms. Parsons' motion purports to be a motion for judgment on the pleadings, but it includes a declaration and hundreds of pages of exhibits. Therefore, I will treat it as a motion for summary judgment. *See* Fed. R. Bankr. P. 12(d).

**Standard for Summary Judgment.** Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c), Fed. R. Bankr. P. 7056. Summary judgment should be granted against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Huey v. Honeywell, Inc.*,

2

82 F.3d 327, 334 (9th Cir. 1996) (quoting *Celotex v. Catrett*, 477 U.S. 317, 322 (1986)).

**Timeliness.** Ms. Parsons argues that OCP's complaint is untimely under Bankruptcy Code § 523(c)(1). This argument is meritless. Section 523(c)(1) establishes a deadline for filing complaints under section 523(a)(2), (4), or (6). OCP is proceeding under section 523(a)(7). The Bankruptcy Code prescribes no deadline for filing a complaint under section 523(a)(7). Fed. R. Bankr. P. 4007(b).

Ms. Parsons also argues that OCP's complaint is untimely under the state statute of limitations. This argument is incorrect. The statute of limitations for unfair trade practices is four years. Haw. Rev. Stat. § 480-24(a). However, that period is tolled if the accused of an unfair trade practice has petitioned for bankruptcy. Haw. Rev. Stat. § 480-24(b)(2). Because Ms. Parsons filed her bankruptcy case in 2009, claims that accrued four years before that filing date would be timely.

Ms. Parsons argues that OCP's claims are barred by laches. She is wrong. Laches is an equitable doctrine that requires consideration of the length and causes of any delay and any prejudice to the defendants caused by the delay. 11A Charles Alan Wright & Arthur Miller, et al., Federal Practice and Procedure, § 2946 (2d ed. 2013). Ms. Parsons does not say that she has been prejudiced; there is no indication that she will have more difficulty defending herself than she would have

3

had if OCP had sued her earlier.

Finally, OCP argues that Ms. Parsons' objection to OCP's complaint is untimely. OCP suggests that because Ms. Parson knew about OCP's negotiations with the trustee regarding OCP's claim against the estate and Ms. Parsons did not object to then, she is now precluded from doing so now. I disagree. The negotiations between OCP and the trustee had to do with the allowance of OCP's claims against the estate. This adversary proceeding has to do with whether OCP's claims are dischargeable. OCP offers no authority for the proposition that a debtor is bound in a nondischarge proceeding by the trustee's stipulations about the allowance of the claim in the main case. There is no such authority because the trustee has no duty to protect the debtor against nondischargeable claims. She is entitled to litigate the validity of OCP's allegations against her for herself.

**Scope of Section 523(a)(7).** Section 523(a)(7) excepts from the discharge any debt "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss," other than certain tax penalties.

OCP's claims consist of four components: (1) fines denominated as such, (2) restitution, (3) prejudgment interest, and (4) attorneys' fees.

Any fines or penalties which OCP is entitled to recover are covered by

4

section 523(a)(7) based on its plain language.

I agree with the courts that have decided that section 523(a)(7) does not apply to civil restitution claims. *Hughes v. Sanders*, 469 F.3d 475 (6th Cir. 2006), *cert. denied*, 549 U.S. 1341 (2007); *In re Towers*, 162 V.2d 952 (7th Cir. 1998), *cert. denied*, 527 U.S. 1004 (1999); *In re Rayes*, 496 B.R. 449 (Bankr. E.D. Mich. 2013). OCP's claims for restitution are equal in amount to the economic losses suffered by actual consumers. Such claims are not "a fine, penalty, or forfeiture" within the ordinary meaning of those terms, and are "compensation for actual pecuniary loss" suffered by the consumers. Further, OCP stipulated that it "shall bear responsibility for redistributing to the designated consumers their respective share of that portion of the distribution consisting of restitution and prejudgment interest." Dkt. 349 in case no 09-092937 at 5. This is consistent with OCP's statutory duty to disburse collected restitution to victimized consumers. Haw. Rev. Stat. §§ 487-5, 487-14(d). Therefore, the restitution claims are not payable "for the benefit" of OCP.

I respectfully disagree with the courts that have held that section 523(a)(7) covers civil restitution claims. *U.S. Dept. Of Housing & Urban Dev. v. Cost Control Marketing & Sales Mgmt. Of Virginia, Inc.*, 64 F.3d 920, 927-28 (4th Cir. 1995) (acknowledging that the issue is "reasonably close" and the "the defendants

5

have a fair argument"); *State of Colorado ex rel. Salazar v. Jensen (In re Jensen)*, 395 B.R. 472 (Bankr. D. Colo. 2008); *Hessler v. State of Maryland Consumer Protection Div. (In re Hessler)*, 2013 WL 5429868 (Bankr. D. Md. Sept. 30, 2013). These cases stray from the plain language of section 523(a)(7) and are inconsistent with the basic principle that exceptions to discharge are construed in favor of the debtor. *Snoke v. Riso (In re Riso)*, 978 F.2d 11521, 1154 (9th Cir. 1992). Further, those cases lead to the illogical result that claims asserted directly by a victim are dischargeable but the exact same claims asserted by a state agency for the benefit of the victim are not.

*Kelly v. Robinson*, 479 U.S. 36 (1986), is not applicable. That case holds that restitution obligations imposed as a condition of probation in a state court criminal proceeding are nondischargeable under section 523(a)(7). The Court reasoned that because "criminal proceedings focus on the State's interest in rehabilitation and punishment," restitution obligations imposed in such cases are for the benefit of the state and not the victim of the crime. Similarly, *Warfel v. City of Saratoga (In re Warfel)*, 268 B.R. 205 (B.A.P. 9th Cir. 2001), involves a civil judgment entered on the award of restitution imposed as a condition of probation in a criminal case. There is no criminal restitution award in this case.

OCP relies upon cases construing section 362(b)(4), which provides that the

6

automatic stay does not apply to actions to enforce the state's police and regulatory power. This argument incorrectly assumes that the automatic stay and the discharge are coterminous. As the Supreme Court observed in the context of section 362(b)(1), "[i]t is not an irrational or inconsistent policy choice to permit prosecution of criminal offenses during the pendency of a bankruptcy action and at the same time to preclude probation officials from enforcing restitution orders while a debtor seeks relief under Chapter 13." *Pennsylvania v. Davenport*, 495 U.S. 552, 561 (1990). Further, section 362(b)(4) by its own terms does not permit a state to "enforce . . . a money judgment" obtained in a police power proceeding. Thus, section 362(b)(4) defers to other provisions of the Code to determine whether the state may collect money. For the reasons stated above, section 523(a)(7) does not permit the state to collect civil restitution awards from a discharged debtor.

The attorneys' fees are dischargeable because they are compensation for a pecuniary loss – the time expended by OCP's counsel on this matter that could have been devoted to other cases. An underlying punitive motive is not sufficient, because the statute requires that the claim be both punitive ("a fine, penalty, or forfeiture") and noncompensatory.

The dischargeability of prejudgment interest depends on the dischargeability of the underlying claim. Prejudgment interest accruing on the fines and penalties is

7

not dischargeable; prejudgment interest on the restitution and attorneys' fees is.

**Claim and Issue Preclusion ("Res Judicata").** OCP argues that preclusion applies. Ms. Parsons' bankruptcy trustee and OCP stipulated that OCP's claims would be allowed against the estate in a certain amount and that overlapping claims asserted by consumers would be withdrawn. Ms. Parsons was apparently aware that OCP and the trustee were negotiating the stipulation and she received notice that the stipulation had been filed, but she was not a party to it. OCP argues that the order approving the stipulation is a final judgment with preclusive effect.

Claim preclusion applies if "(1) there was a final judgment on the merits, (2) both parties are the same or in privity with the parties in the original suit, and (3) the claim decided in the original suit is identical with the one presented in the action in question." *Bremer v. Weeks*, 104 Haw. 43, 54 (Haw. 2004); *see Siegel v. Federal Home Loan Mortg. Corp.*, 143 F.3d 525, 528 (9th Cir. 1998).

Claim preclusion does not apply. The stipulation did not purport to resolve OCP's nondischargeable claims against Ms. Parsons. Further, because the trustee has no obligation and no motivation to defend the debtor against allegations of nondischargeability, the trustee was not in privity with Ms. Parsons for purposes of the nondischargeability claims.

8

A judgment has issue preclusive effect if (1) there has been a final judgment on the merits; (2) the issue decided in the prior adjudication is identical to the one in the current action; (3) the issue decided was essential to the final judgment; and (4) the party against whom issue preclusion is asserted was a party or in privity with a party in the prior adjudication. *Exotics Hawaii-Kona, Inc. v. E.I. Dupont De Nemours & Co.*, 104 Haw. 358, 365 (Haw. 2004) (citations omitted); *see Robi v. Five Platters, Inc.,* 838 F.2d 318 (9th Cir. 1988).

The order approving the stipulation does not have preclusive effect on any issues relevant to the nondischargeability claim. The stipulation did not decide, let alone necessarily decide, the alleged nondischargeability of Ms. Parsons' liability; the only question was whether the claims should be allowed against Ms. Parsons' bankruptcy estate, not whether Ms. Parsons' liability could be discharged. Also, for the reasons stated above, the trustee and Ms. Parsons were not in privity.

OCP argues that, even if the stipulation is not binding on Ms. Parsons, the stipulation did resolve the amount and character of OCP's claims, and Ms. Parsons is stuck with the legal consequences of that determination. I disagree. The stipulation resolved the estate's liability to OCP. The estate and Ms. Parsons are not in privity. Even if they were in privity, the allowance of the claim against the estate did not turn on whether or to what extent it was for fines and for restitution.

9

In other words, the recitation in the stipulation that a portion of the claim represented fines was not "essential" to the legal question of the allowance of the claim, and therefore that statement has no preclusive effect.

**Merits of Claim.** There are genuine disputes of material fact concerning whether Ms. Parsons is liable for violations of Hawaii's consumer protection statute. These issues preclude summary judgment on the amount of any nondischargeable claims that OCP may have against Ms. Parsons.

**Conclusion.** OCP is entitled to summary judgment holding that, to the extent it is entitled to collect fines and penalties and interest on such fines and penalties, its claims are not dischargeable in bankruptcy. Ms. Parsons is entitled to summary judgment holding that OCP's claims for restitution, attorneys' fees, and interest thereon are dischargeable. Both motions are denied in all other respects.

U.S. Bankruptcy Court - Hawaii   #13-90071   Dkt # 58   Filed  01/21/14   Page 10 of 10